In the Matter of the Application of Margaret Tobin, Respondent, for a Peremptory Writ of Mandamus Directed to John J. Scannell, as Fire Commissioner of the City of New York and as Trustee of the New York Fire Department Life Insurance Fund, Appellant.

1. New York City — Fire Department Fund for Benefit of Widows and Orphans. A member of the fire department of the borough of Brooklyn, who is within the provision of law for the creation of an insurance fund for the benefit of widows and orphans of its members (L. 1888, ch. 583; tit. 13, § 15; as amd., L. 1889, ch. 153; L. 1897, ch. 378, § 791), may not, on retiring from its membership and becoming a pensioner, have his name taken from the list of subscribers to that fund, and the amount of his contribution, as prescribed by the statute, should be deducted from his monthly pension, notwithstanding his name is stricken from the list and he ceases to be a contributor.

2. Rights of Widow of Retired Fireman in Fund. The widow of a retired fireman who at the time of his retirement had rights in such fund is entitled to its benefits although after his retirement he requested his name to be taken from the list of subscribers and voluntarily ceased to be a contributor.

*Matter of Tobin*, 53 App. Div. 453, affirmed.

(Submitted October 3, 1900; decided November 20, 1900.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered July 17, 1900, reversing an order of Special Term denying the application of Margaret Tobin for a peremptory writ of mandamus requiring the fire commissioner of the city of New York to pay to her a pension and granting said writ.

John Tobin, the husband of the relator, was a fireman in the fire department of Brooklyn for ten years prior to November 1, 1895, when he was retired upon a pension. He died about four months afterwards. During his membership he had contributed to the "Widows' and Orphans' Relief Fund." Upon his retirement he requested his name to be taken from the list of subscribers to that fund. He assigned as a reason that his relations with his wife were not satisfactory. His

name was accordingly taken from the list, and he thereafter
contributed nothing.

The charter of the city of Brooklyn contained provisions,
substantially re-enacted in the charter of Greater New York,
providing for two funds, one a " Fireman's Insurance Fund,"
made up of fines, rewards, fees, donations, and the per-
centage or tax on foreign insurance companies. From this
fund Tobin received his pension. The other was the "Widows'
and Orphans' Relief Fund," from which the relator, the widow
of Tobin, claims a pension.

The administration of both funds is now committed to the
respondent, the fire commissioner of the city of New York,
without change as to the rights of persons claiming benefits
therefrom. (Chap. 378, sec. 791, Laws 1897.) The respond-
ent refused to allow the relator a pension because her husband
had voluntarily ceased to be a contributor to the fund for that
purpose.

The charter of the city of Brooklyn (Chap. 585, Laws 1888,
title XIII, sec. 15, as amended by chap. 153, Laws of 1889)
provided, among other things, as follows :

" There shall be deducted by the comptroller of the city of
Brooklyn, from the monthly pay of each officer and fireman
of said department, and from that of the other employees of
said department, as shall desire to avail themselves of this pro-
vision, and by the trustees of the firemen's insurance fund
from the monthly pension of such retired members of the
department who had contributed to said fund before retire-
ment, the monthly sum of one dollar, which shall be received
and held by the trustees of the insurance fund herein created,
in the like manner as the other moneys herein provided to be
paid to them, and which shall be known as the Brooklyn Fire
Department Widows' and Orphans' Relief Fund; and in case
of the death of any member or employee of said department
in the service thereof, or retired pensioner, so contributing,
there shall be paid to the widow or legal representative of such
deceased member or employee or retired pensioner, the sum
of one thousand dollars out of the money so assessed; and in

the case by reason of the number of deaths, the aggregate amount of the money so provided to be assessed and collected should prove inadequate to make such payment, then the assessment may, in the discretion of the trustees, be increased to not exceed the sum of two dollars in such month's pay. The said commissioner of the fire department of the city of Brooklyn may direct the trustees of the Brooklyn fire department Widows' and Orphans' Relief Fund to pay from said fund to the widow of any deceased retired pensioner of said fire department who had contributed to the said fund previous to his said retirement, and who, by reason of said retirement, was debarred from further contributing to or receiving any of the benefits of said fund, such sum of money as the widow of said retired pensioner would have been entitled to receive if said retired pensioner had not been retired from said fire department at the time of his death."

*John Whalen, Corporation Counsel* (*William J. Carr* of counsel), for appellant. The relator has no legal right to the relief sought in this proceeding. (L. 1888, ch. 583; L. 1889, ch. 153; *Hagadorn* v. *Raux*, 72 N. Y. 586; *Mayor, etc.,* v. *Furze*, 3 Hill, 612; *Livingston* v. *Tanner*, 14 N. Y. 64; *Hutson* v. *Mayer*, 9 N. Y. 163.)

*Eugene V. Brewster* for respondent. Contributions to the widows' fund were compulsory as to officers and firemen, and were entirely beyond their personal control. (*Blashko* v. *Wurster*, 156 N. Y. 437; *People* v. *Jaehne*, 103 N. Y. 182.) The relator's deceased husband having contributed to the widows' fund up to the time of his retirement, the relator is entitled to the benefit from said fund. (*People ex rel.* v. *Supervisors*, 51 N. Y. 401; *Hagadorn* v. *Raux*, 72 N. Y. 586; *Smith* v. *Floyd*, 140 N. Y. 337.)

LANDON, J. In determining whether the deduction of one dollar from the monthly pay of a fireman, and from the monthly pension of the retired members of the department

who had contributed to the widows' and orphans' relief fund before retirement, was voluntary or compulsory, it is proper to notice:

1. The widows' and orphans' relief fund was derived from the deductions from the monthly pay of officers and firemen of the department, and of other employees of the department who should desire to avail themselves of its benefits, and also from the monthly pensions of such retired members of the department as had contributed to said fund before retirement.

2. The firemen's insurance fund was derived from other sources.

3. A member of the department, such as was the relator's husband while in the uniformed force, who, after serving ten years, became disabled, was entitled to his discharge, and could be awarded a pension from the firemen's insurance fund.

4. Under the Brooklyn charter, and as is apparent from the provisions above quoted, an " employee " was not a " member " of the fire department, and, therefore, could receive no pension from the firemen's insurance fund.

5. The distinction between retired members who had contributed to the widows' and orphans' relief fund before retirement and those who had not so contributed was, no doubt, made because at the time of the original enactment for the establishment of the fund the members who had already retired had not contributed anything to the fund, and could not have done so.   Thus the distinction was due to the situation, and not to the intention to confer an option.

This fact explains the meaning of the words " so contributing " in the provision :

" In case of the death of any member or employee of said department in the service thereof, or retired pensioner *so contributing*, there shall be paid to the widow or legal representative of such deceased member or employee or retired pensioner the sum of one thousand dollars so assessed."

It is thus obvious that the option of contribution was limited to employees and that as to members the contribution was in

fact an assessment; that, as the relator's husband was a member for years after the enactment of the provision respecting the widows' and orphans' relief fund, he could not fall within the class of members retired before its enactment, and, therefore, not within the non-contributing class. He was in fact a contributing member during his active service, and after his retirement the trustees of the firemen's insurance fund should, under the mandate of the statute, have deducted one dollar from his monthly pension for the benefit of the relief fund, notwithstanding his unwillingness to be thus "assessed."

The order should be affirmed, with costs.

O'BRIEN, HAIGHT, MARTIN and VANN, JJ., concur; PARKER, Ch. J., and BARTLETT, J., not voting.

Order affirmed.