In the Matter of ISABELLA VERDECANNA, Appellant, against
WILLIAM F. CAREY, as Treasurer and Trustee of the Relief
and Pension Fund of the Department of Street Cleaning
of the City of New York, Respondent.

Argued January 8, 1941; decided March 6, 1941.

*Samuel Resnicoff* for appellant.

*William C. Chanler, Corporation Counsel (Stanley Buchsbaum* and *Henry J. Shields* of counsel), for respondent.

RIPPEY, J. Frank Verdecanna, a sweeper in active service in the Department of Sanitation of the City of New York (formerly the Department of Street Cleaning), died on September 1, 1937. His widow, the petitioner herein, applied for a pension to the Commissioner of Sanitation, as treasurer and trustee of the relief and pension fund of which he was the custodian and administrator for the benefit of those who were members of such fund on December 1, 1929, their widows, orphans and dependent parents. Upon denial of the application by the Commissioner, the widow brought

this proceeding under article 78 of the Civil Practice Act to procure an order directing the Commissioner to award her a pension of six hundred dollars per annum effective as of the date of her husband's death. The order of the Special Term dismissing the petition was affirmed by the Appellate Division. The petitioner appeals from the order of the Appellate Division by permission of this court.

The State Legislature provided in chapter 839 of the Laws of 1911 for the creation, administration and use of a relief and pension fund for the employees of the Department of Street Cleaning of the city of New York by adding sections 548 to 557, both inclusive, to the Charter of the City of New York (L. 1901, ch. 466, as amd.). Since that enactment, various amendments have been made to the Charter affecting the administration and use of the fund and the organization and control of the Department of Street Cleaning which need not be here considered at length (L. 1915, ch. 500; L. 1917, ch. 615; L. 1923, ch. 100; Local Laws Nos. 13 of 1929, 21 of 1930, 5 of 1931 and 5 of 1933. Also, see, Administrative Code [L. 1937, ch. 929], tit. G, art. 1, p. 1441). It is sufficient for present purposes to say that the Department of Sanitation finally emerged out of the amendments in place of the street cleaning department, so called, in charge of a Commissioner of Sanitation with jurisdiction over the administration of the relief and pension fund and that the fund was continued only for the benefit of officers and employees of the city who were members of the fund on December 1, 1929, and their beneficiaries, with their rights, privileges, obligations and status with respect to the system or fund remaining unchanged. Benefits to be derived from the fund were not left available for employees of the Department of Sanitation who entered the employ of the city after December 1, 1929.

At the time of the death of Verdecanna, section 552 of the Charter, as amended, required the Commissioner of Sanitation, as treasurer and trustee of the relief and pension fund, to grant " to the widow of any member of the said fund who heretofore or hereafter * * * shall have

died and who shall have been ten years in the service in said department [sanitation] or in the former department of street cleaning abolished by section six hundred and five-v of the Greater New York Charter, or both said departments, at the time of his death * * * if there shall be no child or children of such member under eighteen years of age, the sum of six hundred dollars per annum, in the discretion of said treasurer and trustees; and if there be such child or children of such member under the age aforesaid, then such sum may be divided between such widow, child or children in such proportion and in such manner as the said treasurer and trustee may direct. The right of such widow to such pension shall cease and terminate at her death or remarriage; or if she shall have been guilty of conduct which in the opinion of said treasurer and trustee renders payment inexpedient."

The record of proceedings on the application before the Commissioner is not before us. The order at Special Term was made upon the order to show cause, the petition, answer and reply. It is alleged in the petition and admitted in the answer or otherwise seems to be conceded that the petitioner was the widow of Verdecanna, that she was not remarried when the application was made and this proceeding instituted, that there were no children of the deceased under eighteen years of age and that petitioner was not guilty of any conduct which, in the opinion of the Commissioner, rendered payment to her inexpedient. Whether the granting of relief or a pension in any case is open to discretionary action by the Commissioner need not be considered. Upon the record here, no field was left open for the exercise of discretion. Nor did the Commissioner presume to deny relief in the exercise of any discretion which may be reposed in him. Both parties maintain and respondent specifically asserts in his brief that the Commissioner denied the application, not in the exercise of discretion, but on the ground that Verdecanna had not served as a member of the Departments of Street Cleaning and Sanitation for ten years prior to his death. That was

the specific and only ground for dismissal at Special Term. I think that ground for denying relief to petitioner cannot be successfully maintained on the record here.

Prior to July, 1927, Verdecanna had taken and passed a civil service examination for " sweeper " in the uniformed force of the Department of Street Cleaning of the city of New York and his name had been placed upon the eligible list by the Municipal Civil Service Commission for appointment to that position. Upon due certification by the Civil Service Commission, he was regularly appointed from the list of eligibles by the Commissioner of Street Cleaning as an " extra " sweeper on July 15, 1927. As such and under such appointment, he served continuously to April 29, 1928, being uniformed as he was required to be like all members of the force and subject to daily call for duty. As authorized by the statute, he was called upon for service " at such times and during such hours " as the Commissioner directed. The time of his service was variable — some weeks he worked full time and during other weeks only part time. On April 28, 1928, he was notified by the Commissioner that he was thereafter a " regular " sweeper. There is no evidence upon which might be based a finding of temporary appointment or emergency employment within the earlier period for any purpose specified in section 536 of the Charter. But whether he was employed temporarily or not during the earlier period is not material to a decision of this case. Temporary service, if such it was, did not affect his status as a member of the relief and pension fund or the right of petitioner, as his beneficiary, to a pension. He became a member of the fund by mandate of the statute when his service began as a member of the uniformed force (Charter, § 548). Whatever the character of his appointment, not falling into the category of " emergency " help under section 536, he was necessarily in the uniformed force from the commencement of his service. It was not left to him to say when or whether he should become a member of the fund. The Comptroller was compelled by the terms of

section 549 of the Charter to deduct three per cent from his "weekly or monthly pay, salary or compensation" to make up part of the relief or pension fund. Such deductions were made on and after April 29, 1928. The Comptroller did not deduct that sum from his compensation for the period of service from July 15, 1927, to April 28, 1928, but his failure to perform his statutory duty cannot serve to defeat the widow's right to a pension. (*Matter of Tobin*, 53 App. Div. 453; affd., 164 N. Y. 532.) Concededly, Verdecanna was a *member of the fund* at the time of his death. It must be held, as matter of law, that he was *in the service of the department* more than ten years before his death. Under Charter section 552, as amended, those are the only conditions with which compliance must be shown on the record in the case at bar to entitle petitioner to the pension which she seeks.

The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the petition granted, with costs.

LEHMAN, Ch. J. (dissenting). The petitioner-appellant is the widow of a member of the Department of Street Cleaning who died on September 1, 1937. Under the provisions of section 552 of the Charter of the City of New York, she is entitled to a pension to be paid out of the pension fund of the department if her husband had been "ten years in the service in said department at the time of his death." The decedent was appointed an "extra sweeper" in the department on July 15, 1927, and as an "extra sweeper" he reported for work every day. In April, 1928, he was notified that he was appointed a regular sweeper. He continued in that position until his death. If the ten-year period of service which would entitle the decedent's widow to a pension began upon the appointment of the decedent as a regular sweeper, the required period had not been completed at the time of his death and the widow would not be entitled to a pension. If, however, appointment as an "extra sweeper" marks the beginning of the period of service, then the petitioner has a clear right to a pension.

The pension fund of the department is " for the benefit of the members of the clerical and uniformed forces of the department of street cleaning as defined by section five hundred and thirty-six of the charter, and the incumbents of such other positions in said department as have been created and not specified in section five hundred and thirty-six of the charter." (§ 548.) Section 536 of the Charter provides that " the uniformed force shall be appointed by the commissioner of street cleaning, and shall consist of * * * sweepers, not exceeding thirty-one hundred in number, * * * drivers, not exceeding sixteen hundred in number, * * * hostlers, not exceeding one head hostler to each stable and additional hostlers not exceeding one for each ten horses. * * * " The same section further provides: " The commissioner of street cleaning shall have power and is hereby authorized to increase the said uniformed force, from time to time, by adding to the number of sweepers, drivers and hostlers, provided the board of estimate and apportionment and the board of aldermen shall have previously made an appropriation for the purpose of permitting such increase. The annual salaries and compensations of the members of the uniformed force of the department of street cleaning shall not exceed the following: * * * sweepers, seven hundred and twenty dollars each." It is clear, and the petitioner-appellant does not contend otherwise, that the decedent became one of the sweepers not exceeding 3,100 in number, except as such number may have been increased after an appropriation was made by the Board of Estimate for the purpose of permitting such an increase, and became entitled to an annual salary of $720 only at the date of his appointment as a " regular " sweeper in April, 1928. In another part of the same section there is a provision that " any person registered or eligible to appointment as a driver, or as a sweeper, may be *temporarily employed* at any time as an *extra driver or sweeper* to fill the place of a driver or sweeper who is suspended or temporarily absent from duty from any cause. The rate of compensation for such extra drivers or

sweepers shall be two dollars per day, and the driver or sweeper whose place is so filled shall not receive any compensation for the time during which he is so absent from duty or his place is so filled, unless such injury or illness was caused by service in the department." Authority for the employment of the decedent as extra sweeper is derived from that provision. That authority is expressly limited to temporary employment upon a per diem basis, and the problem presented upon this appeal is whether a person so employed is an appointed member of the uniformed forces of the department as defined in section 536.

Men employed as extra drivers or extra sweepers are, as I have pointed out, not included in the number of " drivers " or " sweepers " who by the express terms of the statute are included in the uniformed force. Not only is the employment temporary, but the services performed and paid for are necessarily intermittent or occasional. An extra driver or sweeper serves only when he is assigned to fill the place of a regular employee " who is suspended or temporarily absent from duty." Temporary employment calling for intermittent service cannot mark the beginning of the period of *ten years of service* which is required before the widow of the employee may receive a pension.

An extra driver or sweeper temporarily employed to fill the place of a driver or sweeper who is temporarily absent is not included in the class of uniformed force of the Department of Street Cleaning as defined in section 536; and other sections of the Charter demonstrate that such temporary employees were not intended to share in the benefit of the relief and pension fund of the department. The Comptroller is required to deduct three per cent of the " weekly or monthly pay, salary or compensation " of each member of the department who is entitled to share in the benefit of the fund and to pay the amount so deducted into the fund. In this case such deductions began only when the temporary employment was terminated by permanent appointment. A failure by the Comptroller to make such

deduction earlier if it was his duty to do so would, I agree, not in itself constitute a ground for denying to the petitioner a right conferred upon her by statute. Here, however, the statute placed no such duty upon the Comptroller. The temporary employee did not receive " weekly or monthly pay, salary or compensation." He received per diem compensation for occasional days' work. The statute does not provide or contemplate that deduction should be made from the per diem pay of an employee whose service is temporary, intermittment, or occasional, nor does it contemplate that such a person should share in the benefit of the pension fund.

For these reasons the order of the Appellate Division should be affirmed.

FINCH, CONWAY and DESMOND, JJ., concur with RIPPEY, J.; LEHMAN, Ch. J., dissents in opinion in which LOUGHRAN and LEWIS, JJ., concur.

Order reversed, etc.