In the Matter of MARGARET MOLINARI, Appellant, against FRANK J. QUAYLE et al., Constituting the Board of Trustees of the New York Fire Department Life Insurance Fund, Respondents.

Argued October 19, 1949; decided November 23, 1949.

*David A. Savage* and *Donald A. Savage* for appellant. Petitioner's husband was validly appointed a member of the fire department on June 19, 1944, and automatically became a member of the fire department life insurance fund. Petitioner, in the absence of a designated beneficiary, is entitled to the money due from the life insurance fund. (Military Law, § 246, subds. 6, 9; *People ex rel. Kastor* v. *Kearny,* 164 N. Y. 64; *Matter of Williams* v. *Walsh,* 289 N. Y. 1; *Matter of Berger* v. *Walsh,* 291

N. Y. 220; *Kelly* v. *Quayle,* 70 N. Y. S. 2d 52; *People* v. *Pinckney,* 32 N. Y. 377; *Trustees of Exempt Firemen's Fund* v. *Roome,* 93 N. Y. 313; *People ex rel. Coveney* v. *Kearny,* 44 App. Div. 449, 161 N. Y. 648; *Canteline* v. *McClellan,* 171 Misc. 327.)

*John P. McGrath, Corporation Counsel* (*Helen R. Cassidy* and *Seymour B. Quel* of counsel), for respondents. Petitioner's husband never received a final complete appointment as a fireman and was not a member of the life insurance fund of the fire department provided by section B19–8.0 of the Administrative Code. Petitioner is, therefore, not entitled to receive any widow's benefit from this fund. (*Kelly* v. *Quayle,* 70 N. Y. S. 2d 52; *Matter of Berger* v. *Walsh,* 291 N. Y. 220.)

DESMOND, J. Petitioner's husband, Francis J. Molinari, entered the United States Army in June, 1943. He was reported missing in action on January 12, 1945, and the War Department recorded the presumptive date of his death as January 13, 1946. While Molinari was away on active military service he was, on June 19, 1944, appointed a fireman in the New York City Fire Department, by an order of the fire commissioner. That order stated that Molinari was assigned to the military service division of the department, '' subject to a medical examination by the Fire Department Medical Board '', the appointment to be without compensation until Molinari (and others similarly appointed at the same time by the same order) should be discharged from military services and actually begin to perform their duties as firemen. Molinari never came home from war service to take the fire department medical examination, or take an oath of office, or go to work as a fireman. His widow applied to respondents, trustees of the New York Fire Department Insurance Fund, for payment to her of the $2,000 death benefit provided for by section B19-8.0 of the New York City Administrative Code. That section says that there shall be deducted from the pay of each fireman, $1 per month which deductions shall make up a special fund (separate from the pension system and not contributed to by the city) out of which, on the death of a member or pensioned or retired member of the fire department, there shall be paid to his named beneficiary, or to his widow, $2,000. Subdivision f of section B19–8.0 provides that any member of the fund on leave of absence for military duty shall continue to

be a member of the fund, his contributions thereto to be deferred until his return from military service, and further provides that, if he shall die during absence on military duty, his beneficiary or widow shall receive $2,000, less unpaid contributions. The trustees refused to pay the death benefit to Mrs. Molinari, on the ground that her husband had received a " conditional " appointment, only, to the fire department, and that he had never satisfied the conditions thereof by submitting to and passing the fire department medical examination and by taking an oath of office, so that, according to the trustees, he never became a fireman or a member of the life insurance fund. In this proceeding, brought by the widow to compel payment to her of the $2,000 benefit, less contributions, the courts below have denied her relief. We think that the special facts of this case, and a fair application thereto of the several pertinent statutes, require a holding that petitioner is entitled to payment of the death benefit.

Molinari passed the required civil service examination for fireman in December, 1941, and was, on February 1, 1943, certified by the civil service commission to the fire commissioner as eligible for appointment as a probationary fireman. He was refused appointment at that time by the commissioner, however, because his status in selective service was such that the commissioner thought it unwise or improper to appoint him (and many others similarly situated). In November, 1943, this court, in *Matter of Berger* v. *Walsh* (291 N. Y. 220), held that the commissioner had exceeded his authority in treating the draft status of those civil service eligibles as a ground for refusing them appointments. That determination, of course, meant that Molinari should not have been turned down by the commissioner in February, 1943, on that ground. The commissioner thereafter did what he could to correct his error but found that Molinari, and some two hundred of the others who had been denied appointment in February, had meanwhile entered military service. The commissioner, as to those two hundred eligibles, then made use of subdivision 6 of section 246 of the Military Law, which permits the appointment or promotion, from eligible lists, of persons absent on military service. The commissioner therefore promulgated the formal order of June 19, 1944, referred to in the first paragraph hereof, by which order Molinari and many others were " appointed as Firemen " with assignment to

the military division, without compensation and subject to the department's medical examination. That order made immediate, presently effective, appointments to the department, and the requirement of medical examination obviously referred to the future event of return from war and assumption of active duties as firemen.

Respondents concede that the Military Law makes no reference to a " conditional appointment " but argue that these appointments were, of necessity, conditioned upon the men passing medical examinations and filing oaths of office. True, there is a fire department rule (Rules and Regulations for the Uniformed Force, § 125) mandating an examination of applicants by a departmental medical board. But the department could waive its own rule, or modify it in special circumstances like these, and the commissioner's June 19, 1944, order, appointing as firemen, Molinari and others in like plight, subject to later physical examination, was such a modification· of the rule, worked out to undo the damage done by the commissioner's own earlier mistake. Similarly, as to the oath of office, section 30 of the Civil Service Law and section 487a-5.0 of the Administrative Code require a fireman to take an oath of office, but the Civil Service Law requirement is that he take such oath " before he shall be entitled to enter upon the discharge of any of his duties ". Reading those two statutes with subdivision 6 of section 246 of the Military Law, we have a statutory scheme that permits civil service appointments of eligibles away at war, the requisite oath of office to be taken on return from military service and before entering actively on the duties of the civilian positions. The fire commissioner's order, as to Molinari and the others, thus could legally accomplish just what it said it did: that these men, away in war service, be appointed forthwith, the appointments to be without pay and without active duty until they should come back to New York, pass medical examinations, and begin work as firemen. It is no answer to this that the fire commissioner, under *Matter of Berger* v. *Walsh* (291 N. Y. 220, *supra*), was not required to appoint any particular eligible. The fact is that by the June 19, 1944, order, the commissioner did formally and legally appoint Molinari and the others. They thus became members of the fire department and of the fund, and as such, became

entitled to the benefits set up by section B19-8.0 of the Administrative Code, which says (subd. f) that " in case of death of any such member during his absence in such [military] service " his named beneficiary or widow shall collect $2,000, less contributions, etc.

While no decision in point is found, we consider that the result herein arrived at is in accord, generally, with *Matter of Verdecanna* v. *Carey* (285 N. Y. 130).

The orders should be reversed, with costs in all courts, and the relief prayed for in the petition granted.

LOUGHRAN, Ch. J., CONWAY, DYE, FULD and BROMLEY, JJ., concur with DESMOND, J.; LEWIS, J., dissents and votes for affirmance.

Orders reversed, etc.