bound to keep the doors closed until the traffic cleared ahead, and then move up a short distance and stop again, thereby delaying the progress of his car until the traffic light changed again. The danger to persons alighting from a street car from automobiles driven recklessly and illegally is constant no matter where the car may stop. The duty is on the alighting passenger to look out for his own safety. Hagarty, Davis and Johnston, JJ., concur; Young, J., dissents and votes to affirm; Lazansky, P. J., not voting.

OLE T. KVENVIK, Appellant, v. STAPLETON CONSTRUCTION Co., INC., Respondent.— In an action to recover the reasonable value of services rendered in procuring government contracts for defendant, order in so far as it denies plaintiff's motion to strike out the fourth affirmative defense contained in the amended answer affirmed, with ten dollars costs and disbursements. No opinion. Young, Hagarty, Carswell, Davis and Johnston, JJ., concur.

JACK LEVIN and ANNA LEVIN, Respondents, v. AARON SHANBRON, Appellant. — Order denying defendant's motion for leave to amend his answer so as to set up the New Jersey Statute of Limitations, reversed upon the law, without costs, and motion granted, without costs, and defendant may serve his amended answer within five days from the entry of the order hereon. While defendant delayed more than three years in making the motion, it affirmatively appears that plaintiffs were not prejudiced by the delay. The only claimed prejudice is that if defendant had pleaded the statute in his original answer, plaintiffs could have discontinued this action and commenced a new action in Pennsylvania, where they resided. This contention is untenable because the Pennsylvania statute, like the New Jersey statute, provides for a two-year limitation as to personal injury actions. Young, Hagarty, Carswell, Davis and Johnston, JJ., concur.

JACOB MANOWITZ, Respondent, v. UNITED STATES CASUALTY COMPANY, Appellant.—Action under section 109 of the Insurance Law. The insurer defended upon the ground that the assured breached a condition of the policy. Judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Davis and Johnston, JJ.; Lazansky, P. J., not voting.

LOUISE MEYER and HERBERT A. MEYER, as Trustees under the Last Will and Testament of WILLIAM H. MEYER, Deceased, Appellants, v. HANNAH E. McKENNA, Respondent, and Others, Defendants.— In an action brought to foreclose a mortgage where the defense interposed was that the mortgage was usurious in its inception and the court sustained such contention and held the mortgage void and directed its cancellation, judgment unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Davis and Johnston, JJ.; Lazansky, P. J., not voting.

ETTA S. MILLER, Respondent, v. ROBERT M. MILLER, Appellant. (Appeal No. 1.) — Order allowing plaintiff an additional counsel fee of $375 affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

ETTA S. MILLER, Respondent, v. ROBERT M. MILLER, Appellant. (Appeal No. 2.) — Order allowing plaintiff an additional counsel fee of $250 affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

ETTA S. MILLER, Respondent, v. ROBERT M. MILLER, Appellant.— Plaintiff sues for separation on the ground of abandonment and cruel and inhuman treatment. Defendant counterclaims for separation on the same grounds. Judgment