In the Matter of the Application of AGNES O'CONNELL, Petitioner, Appellant, for an Order against PAUL J. KERN, as President of the Municipal Civil Service Commission of the City of New York, and Others, Respondents.

First Department, June 18, 1941.

*Irving H. Saypol* of counsel [*Leo Kotler* with him on the brief; *Saypol & Kotler*, attorneys], for the appellant.

*Charles F. Murphy* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondents other than the respondent Dowd.

*Sidney A. Fine* of counsel [*Gabriel L. Kaplan* and *Sidney A. Fine*, attorneys], for the respondent Dowd.

COHN, J. Appellant Agnes O'Connell and respondent John J. Dowd were fellow-employees in the marriage license bureau in the office of the city clerk of the city of New York. Together with others in the same competitive class of civil service, they were suspended from employment on June 30, 1939, because their positions had been abolished. Mrs. O'Connell had been appointed originally on April 20, 1931. Dowd's date of original appointment was February 1, 1932. Upon their suspension, Mrs. O'Connell, because of seniority, was entitled to have her name placed on a resulting preferred list ahead of Dowd. (Civ. Service Law, § 31.)

In July, 1939, one Gladys B. Eddy was transferred from the register's office of Kings county, as a typewriter copyist, to the Brooklyn marriage license bureau of the city clerk's office. Within four months after that transfer and in November, 1939, respondent Dowd instituted a proceeding in which he sought reinstatement to his former position upon the ground that Miss Eddy was performing the duties he had previously performed. An investigation revealed this allegation to be substantially true. Accordingly, on December 15, 1939, the corporation counsel, on behalf of the city clerk, consented to the entry of an order reinstating Dowd to his former position in the Brooklyn marriage license bureau.

Appellant, on April 12, 1940, instituted the present proceeding to oust Dowd and to be reinstated to the position he was holding. That action was taken more than nine months after Miss Eddy had been appointed to perform the duties previously performed by the respondent Dowd, but it was less than four months after the date of Dowd's reinstatement. Appellant claims that Dowd's reinstatement was contrary to the provisions of section 31 of the Civil Service Law, since she had a prior date of original appointment in the service. (*Matter of Wolfson* v. *Cruise*, 172 Misc. 577; affd., 258 App. Div. 790; affd., 282 N. Y. 701.)

As a defense, respondents allege in their answers that the present proceeding was not commenced within the four months' period prescribed by the Civil Practice Act (§ 1286), and that in any event petitioner was guilty of gross and inexcusable laches in that she did not commence her proceeding until nine months after the transfer of Miss Eddy. Special Term erred in sustaining that defense. As required by the provisions of section 1286 of the Civil Practice Act, this proceeding was instituted within four months of a demand upon and a refusal by the municipal civil service commission and the city clerk to perform a duty specifically enjoined upon them by law. In any view, the proceeding is not barred by the provisions of the Civil Practice Act, Dowd having been reinstated on December 15, 1939, and Mrs. O'Connell having started the present proceeding within four months thereafter, to wit, on April 12, 1940.

When Dowd brought his proceeding, which necessarily was for the benefit of a class, namely, those on the preferred list, appellant was justified in anticipating that the commissioners of the municipal civil service commission, respondents herein, would fulfill the duty imposed upon them by section 31 of the Civil Service Law which requires the commission to certify from the preferred list " the names of persons for reinstatement, in the order of their original appointment." Until there was a violation of section 31 there was no necessity for appellant to take any steps.

The argument advanced by the municipal civil service commission that Dowd, because of his vigilance in bringing the proceeding for the removal of Miss Eddy, became entitled to the position, is without merit. Dowd's proceeding could not possibly justify the failure of the municipal civil service commission in performing the duty enjoined upon it by section 31 of the Civil Service Law. Compliance with that statute would have given Dowd the benefit of having his name advanced on the preferred list in its regular order, but it would not warrant a disregard of appellant's prior rights by virtue of her seniority.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY and DORE, JJ., concur; CALLAHAN, J., dissents.

Order reversed, with twenty dollars costs and disbursements, and motion granted.   Settle order on notice.