Charles M. Hughes, J.
The petitioner, Thurston Foster, has commenced this proceeding- under article 78 of the Civil Practice Act to compel the Municipal Housing Authority of the City of Schenectady to reinstate him to the position of senior maintenance man. This position was classified as noncompetitive by the Schenectady County Civil Service Commission.
The facts, briefly stated, are as follows: The petitioner is approximately 60 years of age and has been employed by the Municipality of the City of Schenectady and the Municipal Housing Authority of the City of Schenectady as well as the Urban Redevelopment Project. He came to work for the City of Schenectady in 1913 and served in the armed forces during World War I. He received an honorable discharge, and he has a service disability pension. He returned to work for the City of Schenectady and remained with the city until 1943, at which time he became employed by the Municipal Housing Authority of the City of Schenectady, which is a separate and distinct municipal authority. He remained with that Authority until December 15, 1955, at which time the petitioner was granted a leave of absence until April 1, 1956. The petitioner obtained *375 a leave of absence in order to take a position of relocating families with the Urban Bedevelopment Project that was undertaken by the City of Schenectady. A further leave of absence was granted, at the petitioner’s request, on April 9, 1956, extending his leave of absence until December 31, 1956. This was a period in excess of one year.
The position that the petitioner obtained with the Urban Bedevelopment Project was that of Supervisor of Belocation which paid the amount of $4,500 as compared with $3,900 that he was receiving from the Authority as a Senior Maintenance Man. The petitioner continued his employment with the Urban Bedevelopment Project from January 1, 1956 until July 1, 1957, at which time the job was terminated.
On or about January 1, 1957, the petitioner approached John MacG-athan, the Appointing Officer and the Executive Director of the Municipal Housing Authority, seeking a further leave of absence. In reply to this request, MacG-athan stated he would take up the matter of a further leave with the Municipal Housing Board. The board declined to honor the request of the petitioner, and the evidence was inconclusive as to whether Mr. MacG-athan notified the petitioner as to the action of the board sometime in late January or early February, 1957. The petitioner testified, and it is undisputed, that on or about the first day of July, 1957, he requested reinstatement in the position of Senior Maintenance Man. The petitioner was informed by Mr. MacG-athan that there was no job available for him with the respondent.
The respondent has made the contention that the petitioner’s right to review under article 78 (Civ. Prac. Act, § 1286) was limited to a period of four months from the termination of his employment and that this occurred on December 31, 1956, at which time his leave of absence expired. There was no evidence in the case that the petitioner was advised that he could only have a leave of absence for a period of one year. It was further testified to by Mr. MacGathan that until April, 1956, he, himself, was unfamiliar with rule XVII of the Civil Service Commission Buies as promulgated by the Schenectady County Civil Service Commission that limited a leave of absence without pay to one year. The petitioner was advised by MacG-athan, when he sought a further leave of absence on or about January 1, 1957, that it was a matter that he would have to take up with the Municipal Housing Board. The petitioner had a right to rely on this representation, and he was not advised at that time that his absence over a period of one year would constitute a *376 resignation but was informed that a further leave would have to be taken up with the board. There was a conflict of evidence as to whether the petitioner was notified verbally by Mr. MacGrathan either late in January or early in February, 1957, that the board could do nothing in reference to the petitioner’s request. The only conclusive evidence that the position of Senior Maintenance Man was no longer available to the petitioner was on or about July 1,1957, at which time the petitioner made a demand for reinstatement, which was refused. The four months’ Statute of Limitations started to run from that time. (See Matter of O’Connell v. Kern, 262 App. Div. 183, mod. on other grounds 287 N. Y. 297; Matter of Stutson v. O’Connell, 276 App. Div. 602; Matter of O’Buck v. City of Yonkers, 2 A D 2d 775.) In any event, the motion by the respondent upon the trial of the action to interpose the four-month Statute of Limitations as set forth in section 1286 of the Civil Practice Act was untimely. Section 242 of the Civil Practice Act requires that affirmative defenses be set forth in the answer. The Statute of Limitations is an affirmative defense and the raising of such an affirmative defense at the time of trial will not be allowed where an objection is made and where the petitioner is prejudiced by allowing an untimely amendment to a pleading.
As a further defense to this action, the respondent contends that by virtue of rule XVII of the Civil Service Commission of the County of Schenectady, the petitioner, in fact, resigned and terminated his employment by being on a leave of absence without pay for a period in excess of one year. Buie XVII provides: “ A leave of absence without pay, not to exceed one year, may be granted to an employee by an appointing officer. Notice of such leave of absence shall be given to the Commission. Absence on leave for more than one year shall be deemed the equivalent of a resignation from the service upon the date of commencement of such absence.” See, also, rule XVT-A (subd. 2, pars, [a], [b]) of the Buies for the Classified Civil Service of the State of New York which is similar in nature and content.
It is undisputed that the petitioner applied for and was granted a leave of absence commencing December 15, 1955 to April 1, 1956, and that at the further request of the petitioner, the leave was extended to December 31, 1956. This total period aggregates slightly more than one year. The petitioner subsequently remained away another six months. The absence on leave without pay for more than one year constitutes a resig *377 nation under rule XVII of the Civil Service Rules for Schenectady County.
The petitioner, on the other hand, states he relied on the assurance that Mr. MacG-athan made that he would be taken care of and that he would take up the matter with the board when he applied for a further leave of absence on or about January 1, 1957. The petitioner was further advised that he, Mr. MacGrathan, could not grant any further leave of absence but that it was a matter that he would have to take up with the board. It may be fairly inferred that this assurance led the petitioner to believe that he would be granted a further leave of absence. Accepting this state of facts most favorable to the petitioner, it is beyond the power of this court to reinstate the petitioner in view of rule XVII governing civil service employees in Schenectady County. The rule is clear and unambiguous, leaving no room for judicial construction or interpretation.
It would appear that in some instances the rule may work an injustice in cases where there are several separate and distinct municipal entities or authorities within a county and employees change their employment and take a leave of absence to work for other municipal agencies or authorities and such leave of absence exceeds a period of one year. This, however, is a matter within the province of the State Legislature and the local Civil Service Commission. This court can only grant relief in accordance with the rules that govern civil service employees. This court has no power to change the application of those rules.
An order may be entered dismissing the petition, without costs.