A. Franklin Mahoney, J.
This is an article 78 proceeding which seeks an order annulling a fair hearing decision of the New York State 'Commissioner of the Department of Social Services which held that the determination of the Albany County Department of Social Services regarding petitioner’s child care services was not subject to review and that the determination *819 with respect to petitioner’s right to a new refrigerator was correct and should he affirmed.
The motion to annul is granted to the extent that the petitioner is entitled to remuneration for baby-sitter .services for the period from June 16,1972 to August 11, 1972. The determination that petitioner’s request for a fair hearing on September 18, 1972 was untimely in that it was not made within 60 days after the act complained of is error as a matter of law.*
The respondent’s finding of statutory untimeliness in requesting a fair hearing by petitioner is predicated on alleged oral information from petitioner on or about June 1, 1972 that she intended to change her baby sitter and would inform the respondent of the name and address of the new sitter. She did not. Respondent terminated payments on June 15, 1972. The original sitter continued to sit for petitioner until August 11, 1972.
Section 358.9 of chapter II of the Social Services Department Regulations (18 NYCRR 358.9), so far as pertinent herein, states:
‘ ‘ Responsibility of the social services official in cases of proposed discontinuance, suspension or reduction of assistance. When a social services official proposes to discontinue, suspend or reduce a grant of assistance, he or his designee who has the appropriate authority, shall:
“ (a) review, or cause to be reviewed, the proposed action and determine its correctness ;
“(b) if, after the review, it is decided that the proposed action would be correct, send, or cause to be sent, a notice of the proposed action, as defined in section 358.8 (a)(2) of this Part, to the recipient at least 15 days bef ore the date the action is to be taken, on forms required by the department;
“ (c) send a copy of such notice to the department at the same time the notice is sent to the recipient;
“(d) within 48 hours after receipt of notification from the department of a request for a fair hearing, send to the appellant, his representative and to the department copies of all documents to be submitted into evidence at the hearing in support of the proposed action ”. (See, also, 18 NYCRR 358.3.)
Paragraph “ Fourth ” of respondent’s answer “ admits upon information and belief that the agency did not provide petitioner with written notice of said discontinuance.”
The mandatory provisions respecting notice (18 NYCRR 358.3 and 18 NYCRR 358.9) clearly establish that the Statute of *820 Limitations cannot .start to run until the recipient of aid is advised in writing of any decision adversely affecting his allowances (Matter of Kantanas v. Wyman, 38 A D 2d 849). To hold otherwise would he violative of due process (Goldberg v. Kelly, 397 U. S. 254). The respondent, at the fair hearing, did not meet the burden of substantially proving that written notice was given to petitioner that baby-sitter payments were being stopped. Petitioner is, therefore, entitled to be paid for the same.
The motion to annul the respondent’s determination that it could not, under the law, replace petitioner’s refrigerator, is denied.
Subdivision (b) of section 352.7 of the Regulations of the State Department of Social Services provides that furnishings, including a refrigerator, of persons on welfare shall be repaired. The respondent attempted to repair petitioner’s refrigerator but found the same to be unrepairable. It was not obligated under subdivision (d) of section 352.7 of the regulations to replace the box as that section provides only for replacement of furnishings that have been lost in a fire, flood or other catastrophe. The wearing out of furnishings is something that the law contemplates will be provided against by the owner.
The issue of standing raised by the respondent is without merit. The principles of law enunciated in St. Clair v. Yonkers Raceway (13 N Y 2d 72) and its progeny have no application to the facts herein.
Submit an order annulling the respondent’s determination with respect to the baby-sitter’s payments from June 16, 1972 to August 11,1972 and affirming that part of respondent’s determination refusing to issue a grant for refrigerator replacement.

 “ The court may, however, itself pass on objections in point of law” (CPLR 7804, subd. [g]). No transfer to the Appellate Division is necessary.