■ MIRIAM WINTERS, Petitioner, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Determination of the respondent State Commissioner of Social Services dated February 20, 1974, which after a fair hearing affirmed a determination of the New York City Department of Social Services denying petitioner's requests for (1) an increase in shelter allowance retroactive to June, 1971 and (2) for the payment of the cost of Christian Science nursing care unanimously modified, on the law, to grant the shelter allowance increase retroactive to June, 1971 and as so modified the determination is confirmed, without costs or disbursements. The hearing officer found that prior to June of 1971 petitioner received a shelter allowance of $140, which amount was equal to the actual rent then being paid. It was also found that in June of 1971 petitioner's actual rent was increased to $154.20 per month and that there was a further increase in February of 1973 to $160 per month. Although it was found that the petitioner was entitled to a shelter allowance equal to the actual rent being paid by her, there being no evidence to show that such amount was in excess of respondents' rent schedules, nevertheless, the increase in shelter allowance was made retroactive only to June of 1973, when the application for increase was brought, rather than to June 1971 when the increased costs were first incurred. The determination was based upon a finding that petitioner failed to make a timely request for a hearing in accordance with section 135-a of the Social Services Law. That section provides that a request for a fair hearing "must be made within sixty days after the date of the action or failure to act complained of." However, there is nothing in this record to indicate that petitioner did not comply with that time limitation. Under the respondents' version of the facts, the first application for a shelter increase was made in June of 1973. When that application was denied, petitioner, in August of 1973, requested a fair hearing and that was well within the 60-day time period. If the petitioner's version of the facts is accepted, the request for a fair hearing was also

timely. According to the petitioner, she made numerous requests for an increase prior to June, 1973. However, prior to June, 1973, she never received written notice of the agency's adverse determination nor was she informed of her right to a fair hearing. In the absence of such notification, it cannot be said that the 60-day period started to run *(Kantanas v Wyman,* 38 AD2d 849). However, the request for the payment of the cost of Christian Science nursing care was properly denied. Aside from the fact that a Christian Science nurse is not classified as a registered nurse (Education Law, § 6901 *et seq.),* petitioner has not demonstrated that she is entitled to payments pursuant to section 365-a of the Social Services Law, since there is insufficient in the record to indicate either the nature of her illness or of the treatment which she received. Concur—Markewich, J. P., Lupiano, Tilzer, Capozzoli and Lane, JJ.