Edward F. McLaughlin, J.
Petitioner moved under CPLR article 78 to reverse a determination by the respondents which denied petitioner’s application for medical assistance authorization.
Briefly, the petitioner, who claims to be a lifelong resident of the County of Onondaga, alleges that during 1972, she was receiving Social Security disability benefits and was provided with medical assistance (Medicaid) through Onondaga County Department of Social Services in the year 1971. On October 9, 1972, she commenced an eight-week course in dog grooming which was to be conducted in New York City, approval for such course having been given by the Division of Vocational Rehabilitation of the State of New York. She claims to have been assured by that agency that her Medicaid coverage would continue.
Petitioner had been approved for medical assistance in the year 1971. At some time prior to the commencement of her course in New York City, petitioner applied for medical assistance for the year 1972. In October, she informed respondent that she was in school in New York City. On October 27, 1972, the Onondaga County Department of Social Services rendered a decision, a notice of which was mailed to petitioner’s residence in Jordan, New York, rejecting petitioner’s application for medical assistance for 1972 on the basis that she was not a resident of Onondaga County. Said notice further advised petitioner that if she was dissatisfied with the decision, she was entitled to appeal and to have a fair hearing by the New York State Department of Social Services. She was further advised that if she wished to make such an appeal and have a fair hearing, she was to notify the New York State Department of Social Services, 333 East Washington Street, Syracuse, New York, in writing, within 60 days of the date of the letter notice.
Thereafter, while attending the vocational rehabilitation program in New York City, petitioner was hospitalized at Bellevue Hospital in New York City from November 23, 1972 until November 30, 1972. On admission to the hospital, she *368 advised that she was a resident of Onondaga County and entitled to Medicaid benefits and exhibited her 1971 Medicaid card. She was advised by the hospital that the cost involved would be taken care of through the financial department.
On returning to her home in Jordan, New York, on December 1, 1972, she discovered the letter from Onondaga County Department of Social Services dated October 27, 1972, rejecting her application on the basis of nonresidence. She took no action at that time on the assumption that Bellevue Hospital would handle the matter with Onondaga County Social Services Department. The next communication which petitioner received was in November, 1975 when a law firm in Great Neck, New York, sent petitioner a letter seeking to collect the Bellevue Hospital bill which was in the sum of $843.78.
On December 15, 1975, petitioner requested a fair hearing to revoke the determination of respondent, Onondaga County Social Services Department, denying her application for medical assistance. Said fair hearing was held at Syracuse, New York, on January 6, 1976, at which time the petitioner, with her attorney and representatives of respondent, Onondaga County Department of Social Services, appeared. On January 23, 1976, a decision after a fair hearing was rendered which denied petitioner’s application for medical assistance on the sole ground that the 60-day requirement of section 135-a of the Social Services Law was not complied with inasmuch as her application for a fair hearing was not made until December 15, 1975, a period of over three years, and, therefore, the commissioner was without jurisdiction to act on her case.
Petitioner contends that the decision by respondents was arbitrary, capricious and an abuse of discretion and that benefits were unlawfully denied to petitioner.
Petitioner further contends that respondent, County of Onondaga Department of Social Services, did not comply with 18 NYCRR 358.3 (c) and (d) in that the said notice did not advise petitioner that she may be represented by legal counsel or by a relative, friend or other spokesman, or she may represent herself and of the availability of the community legal services available to assist her in the fair hearing, and since this regulation governing the right to counsel was not complied with, the 60-day time limit to request a fair hearing, as required by section 135-a of the Social Services Law did not commence to run.
The issue of substantial evidence specified in CPLR 7803 *369 (subd 4) is not an issue here, and, therefore, this court will proceed to dispose of the matter under the provision of CPLR 7804 (subd [g]) as to whether respondents were arbitrary or unreasonable in the determination made under section 135-a of the Social Services Law.
In her petition, the petitioner states that upon returning to Jordan, New York, on December 1, 1972, after completion of her vocational rehabilitation course in New York City, she discovered the letter from respondent denying her medical assistance on the basis of nonresidency. She did not contact respondent nor at that time make any request for a fair hearing or review of the issue involved, stating that she relied on the assurance of Bellevue Hospital that the matter would be taken care of between itself and the respondent, Onondaga County Social Services Department.
In this article 78 proceeding, petitioner for the first time raises the issue that respondent’s notice of denial of medical assistance was not in compliance with 18 NYCRR 358.3 in that subdivisions (c) and (d) of that regulation relating to the right of counsel were not set forth in the notice by respondent, Onondaga County Social Services Department, which was dated October 27, 1972. It seems to the court that this is not controlling or material to the issue here. Petitioner did not contact respondent, Onondaga County Department of Social Services, upon discovering this notice when she returned to Jordan, New York, from New York City on December 1, 1972 and took no steps to confer with that department on the grounds that a mistake or error had been made in reference to her domicile within Onondaga County or to request a fair hearing at that time. It was not until December 15, 1975 that petitioner requested a fair hearing to revoke the determination of the respondent, Onondaga County Social Services Department. She was at that time, and later at the fair hearing, represented by counsel of her choice so that the lack of reference to subdivisions (c) and (d) of the above regulation did not deprive her of due process or otherwise violate her constitutional rights to counsel. In the cases cited by the petitioner, Matter of Russell v Dumpson (79 Misc 2d 968) and Matter of Kantanas v Wyman (38 AD2d 849), no notice was given to the petitioner in those cases and consequently it was held that the 60-day period for filing request for a fair hearing did not start to run due to lack of notice to petitioner. The case of Harris v Wyman (42 AD2d 27) is likewise distinguisha *370 ble since it dealt with periodic redeterminations of aid to families with dependent children requiring written notice of each such redetermination. The appellate court remitted this case to the commissioner for a new fair hearing since it was impossible to ascertain from the record before that court when the department made its last periodic redetermination and whether the recipient ever received written notice of any determination.
Petitioner also contends that respondent, New York State Department of Social Services, had the authority to.waive the 60-day time limitation contained in section 135-a of the Social Services Law referring to said time limitation as a "rule” of an administrative agency to be considered as a guideline for fair hearings. Petitioner concludes that a rule of an administrative agency may in certain instances be waived citing Matter of Lake Placid Club v Abrams (6 AD2d 469, 472, affd 6 NY2d 857), wherein the court stated "There are cogent arguments for and against the power of waiver by administrative bodies of their own rules, apparently dependent upon the circumstances involved.” Petitioner also cites Matter of Molinari v Quayle (300 NY 55) to the effect that rulings which do not affect substantial rights of individuals, the waiver of which would not be prejudicial may be relaxed when the ends of justice require it.
The court notes that section 135-a of the Social Services Law is a statute, not a rule, of an administrative body, and as such cannot be waived. Moreover, there is nothing in the moving papers to indicate that any request was made by petitioner for a waiver and no indication that the respondents in any way waived compliance with section 135-a of the Social Services Law. The papers disclose that the petitioner apparently relied on the Bellevue Hospital to make contact with Onondaga County Social Services Department, but there is nothing to indicate that the petitioner relied on any act or word of respondents which induced the petitioner not to request a fair hearing upon her return to Jordan, New York, on December 1, 1972. Furthermore, there is no indication that the petitioner notified the respondent, Onondaga County Department of Social Services, of her confinement to Bellevue Hospital or at any time prior to December 15, 1975 contacted the Onondaga County Social Services Department to request reconsideration of what she claimed was an error or mistake in their determination that she was a nonresident of Onon *371 daga County. Under such circumstances, there seem to be no grounds to consider that respondent waived or should have waived the requirements of section 135-a of the Social Services Law.
The court, after reviewing the petition and supporting papers as well as the papers submitted by the respective respondents in opposition, and having heard oral arguments of counsel, concludes that this article 78 proceeding falls within the provisions of CPLR 7803 (subd 3) and holds that the determination was not made in violation of lawful procedure, was not effected by an error of law, was not arbitrary and capricious or an abuse of discretion.
The respondents assert that there was substantial evidence on the record to support the decision of the commissioner, but since the petition raises only questions of law, the mere fact that a fair hearing was held does not require transfer of this case to the Appellate Division for review under CPLR 7804 (subd [g]). (See Harris v Lavine, 43 AD2d 894; also O’Brien v Barnes Bldg. Co., 85 Misc 2d 424, 432-433.) The petition is dismissed.