Bernard F. McCaffrey, J.
Petition of Marlene Accurso and Elaine Backus for judgment pursuant to CPLR article 78, is granted to the extent herein set forth; and in all other respects is denied.
Petitioner Marlene Accurso and her five infant children are recipients of public assistance under the Aid to Dependent Children program. Two of Mrs. Accurso’s children are enrolled in the day care program. On January 23, 1976, Nassau County Social Services Commissioner D’Elia, a respondent, terminated day care authorization without affording her an opportunity to be heard in advance of the proposed action. Petitioner Accurso challenged the action in Accurso v Nassau County Department of Social Services (Sup Ct, Nassau County, Index No. 2693/1976). The action was withdrawn when the agency agreed to withdraw the defective notice and substitute a new notice providing for advance notice of the proposed action and the right to continuing aid pending the hearing.
Mrs. Accurso, on March 22, 1976, was again notified that day care authorization would terminate effective April 6, 1976, and the notice further stated: "If you request a fair hearing before the date your day care is proposed to be discontinued, you will continue to receive your care unchanged until the fair hearing decision is issued.”
Mrs. Accurso requested the fair hearing on April 5, 1976 by telephoning respondent Berger’s office. Petitioner stated that though she made a phone request to respondent, New York State Social Services Commissioner Berger’s office on April 5, 1976, day care was terminated on April 6, 1976 and did not resume until the commencement of this action.
Petitioner Elaine Backus is presently receiving public assistance under the home relief program. On April 1, 1976 she received a notice from respondent D’Elia advising her that her assistance would be discontinued effective April 11, 1976. The notice informed Mrs. Backus of the right to have aid continued pending a fair hearing request in advance of the proposed termination date. Mrs. Backus requested a fair hearing on April 7, 1976 by writing to respondent Berger. However, respondents dispute the contention that aid was terminated.
A fair hearing was scheduled to review petitioner Accurso’s *522 discontinuation of day care on April 22, 1976 at 1:00 p.m. in the Fair Hearing Section of the Social Services Building, Mineóla, New York. However, on that date petitioner Accurso did not appear personally, rather, Stephen C. Allen, Esq., a staff attorney for the Nassau County Law Service Committee appeared on her behalf and contends that he advised the hearing officer that the petitioner was unable to appear, because she had to take her daughter for a hospital appointment. He further stated that the hearing officer refused his request for an adjournment until Monday, April 26, 1976.
It is the contention of the respondent D’Elia that counsel for petitioner requested a general adjournment at the fair hearing, and that petitioner Accurso not only did not appear personally on the scheduled date, but offered no excuse for her failure to attend. In any event, a general adjournment was granted and the matter was set down for a future unspecified date on a non-aid continuing basis, pursuant to 18 NYCRR 358.8 (c) (1).
At the outset, it is noted that the excuse given by petitioner’s counsel, to the effect that the petitioner was unable to attend because she had to take her daughter for a hospital appointment, indicates that there was no emergency involved, but rather that the petitioner chose to keep a medical appointment instead of complying with the directive to appear at the fair hearing proceeding. Furthermore, there is absolutely no indicated or even allegation that the medical visit involved any essential or emergency treatment, rather it would appear to be a routine scheduled appointment. The court further notes, with disapproval, the cavalier approach of petitioner’s counsel of not including an affidavit from petitioner in the extensive moving papers. Rather, petitioner’s counsel relied on his own one paragraph nonprobative reply affidavit setting forth a conclusory statement that the petitioner was unable to attend the hearing without even indicating the basis for this statement, or making any effort to in any way document the statement. However, because of the nature of the proceeding and determination herein, a dismissal without prejudice to renew would not be in the interest of justice.
It is necessary for the proper administration of the heavy volume of hearings being handled by the Social Services Department' that the department should be able to implement the necessary calendar rules for the orderly and expeditious conduct of its hearings. Furthermore, since this involves an *523 expenditure of public funds, petitioners should not be permitted to manipulate adjournments to their own personal financial benefit without giving valid reasons.
However, in all these procedural matters the department must be guided by the underlying cardinal concept that the purpose of continuing aid pending a determination is founded on a humanistic realization that to a qualified recipient this aid is the only means of obtaining essential assistance.
Therefore, it is incumbent upon the respondent Social Services Department to adopt and implement all of the necessary procedures and notices to assure that in termination proceedings of recipients of public assistance receive full procedural due process rights pursuant to the Fourteenth Amendment of the United States Constitution. For, as stated by the Supreme Court in Goldberg v Kelly (397 US 254, 264): "For qualified recipients, welfare provides the means to obtain essential food, clothing, housing, and medical care * * * Thus the crucial factor in this context — a factor not present in the case of the blacklisted government contractor, the discharged government employee, the taxpayer denied a tax exemption, or virtually anyone else whose governmental entitlements are ended — is that termination of aid pending resolution of a controversy over eligibility may deprive an eligible recipient of the very means by which to live while he waits. Since he lacks independent resources, his situation becomes immediately desperate. His need to concentrate upon finding the means for daily subsistence, in turn, adversely affects his ability to seek redress from the welfare bureaucracy.”
In this respect, the "notice of intent to reduce or discontinue day care authorization” as sent to Marlene Accurso, and the "notice of intent to discontinue public assistance” as sent to Ms. Elaine Backus, were misleading in that, although the parties were properly informed that if the parties requested a fair hearing, their assistance would be continued unchanged until the fair hearing decision was issued, said notice did not inform either party that if they requested an adjournment or failed to appear for the hearing without good cause that the assistance would be discontinued. (18 NYCRR 358.8 [c] [1].) Thus, the form of the "notice of intent to discontinue” was invalid and violative of the due process clause of the Fourteenth Amendment to the United States Constitution, and 18 NYCRR 358.8 et seq. (see Goldberg v Kelly, supra; Norton v Overcash, 70 Misc 2d 386). As stated in Matter of Cisco v *524 Lavine (72 Misc 2d 1009, 1014, mod 72 Misc 2d 1087): "the fair hearing 'right’ entails the full panoply of procedural protections prescribed under State and Federal regulations. Generally, these procedural requirements are construed in a.manner so as to insure adequate notice and fairness for the aggrieved applicant or recipient. (See Matter of Ryan v New York State Dept. Social Servs., 40 AD2d 867; Matter of Cole v Wyman, 40 AD2d 1033.)”
18 NYCRR 358.8 (a) (2) requires that the notice contain details of the circumstances under which assistance payments are continued, if a fair hearing is requested. Such regulation should be interpreted to also require that the notice include the conditions upon which assistance will be discontinued, as for example, where the récipient requests an adjournment of the hearing, etc. (see 18 NYCRR 358.8 [c] [1]).
Accordingly, the respondents shall prepare and henceforth utilize notice consonant with the requirements of the Social Services Law and rules and regulations promulgated thereunder.
Respondent’s termination of day care services, without first giving "proper” notice and a prior hearing violated due process. Respondent is hereby directed to reinstate petitioner Marlene Accurso’s eligibility for day care services; and to set a new date for a hearing upon proper notice. It was not too clear from the papers submitted as to whether medical assistance has been actually discontinued with respect tó petitioner, Backus; if so, respondent shall reinstate same and shall set a new date for a hearing upon proper notice.