Stewart F. Hancock, J.
Respondents’ motion to dismiss for failure to request a fair hearing within the 60-day period prescribed by section 135-a of the Social Services Law is granted. (Matter of Samperi v Kramer, 49 AD2d 979; Matter of Bozeat v Berger, 87 Misc 2d 366; Fingland v Lavine, 88 *1000 Misc 2d 1085, affd 54 AD2d 1096; Stillman v Lavine, Sup Ct, Tompkins County [May 28, 1976].)
Petitioner’s request for assistance for herself and her unborn child was denied on September 16, 1975. After the decision of the Appellate Division, Fourth Department, in Matter of Rankin v Lavine (50 AD2d 1091), on December 17, 1975 petitioner on March 16, 1976 through her attorney requested by letter a "budgetary” correction pursuant to 18 NYCRR 352.31 (e) which establishes a procedure for the correction of underpayments. On April 5, 1976 a request for a fair hearing was filed citing the respondents’ failure to reply to the March 16, 1976 letter. The minutes of the fair hearing and the decision after fair hearing showed clearly that the hearing related not to the procedural correction of ministerial or mathematical errors in computing or paying amounts that had been established as due to petitioner from an existing award of public assistance, but rather to the initial denial of public assistance on September 16, 1975 — i.e., the substantive question of whether petitioner should or should not have received additional benefits for her unborn child during her period of pregnancy. Assuming the denial of September 16, 1975 to be the "action complained of’ petitioner’s request for a fair hearing would be time-barred. (Social Services Law, § 135-a.)
Petitioner contends however that her request for the correction of underpayments under 18 NYCRR 352.31 (e) on March 16, 1976 and respondents’ failure to respond created a new "action complained of’ and that her fair hearing request of April 5, 1976 was, therefore, within the 60-day period and timely. In effect, petitioner seeks to avoid the operation of section 135-a of the Social Services Law by the device of resubmitting her initial application for assistance which was denied on September 16, 1976 as an ostensibly new application labeled a "request for the correction of underpayments.” Also, it appears that petitioner chose not to proceed by filing a new application for assistance under 18 NYCRR 352.7 (g), which states that "[assistance grants shall be made to meet only current needs.”
Petitioner would use what is obviously a regulation governing internal administrative procedures for the correction and handling of established or admitted underpayments as a means of reopening the underlying substantive issue (the *1001 denial of her initial application for assistance) — thus giving retroactive effect to Rankin v Lavine (supra), by simply calling the denial an "underpayment”. If this is considered proper procedure, then any time-barred application for public assistance may be saved from the operation of section 135-a of the Social Services Law by resubmitting it as a request for an underpayment correction under 18 NYCRR 352.31 (e). Furthermore, this would permit a claimant to circumvent 18 NYCRR 352.7 (g) and, in effect, apply for "past” needs.
Although it seems that petitioner sought to avoid a plea of untimeliness at the hearing by recasting her initial application as a request for a correction in her letter of March 16, 1976, she now objects to respondents’ failure to raise section 135-a at the hearing and claims estoppel. It has been held that because the time requirements of section 135-a of the Social Services Law are statutory they may not be waived. (Matter of Bozeat v Berger, 87 Misc 2d 366, 368, supra.) In Stillman v Lavine (supra), Justice Bryant stated: "At the outset the Court must consider whether the respondents’ failure to raise the time barrier at the initial fair hearing effectively waived the defense. In this Court’s view it did not. By analogy to civil actions it appears that a statute of limitations defense may be raised even during the trial provided the plaintiff has not been prejudiced by the delay. See Levin v. Shanbron, 246 App. Div. 783; Beach Bungalows, Inc. v. Bushwick Savings Bank, 133 N. Y. S. 2d 712, affd. 285 App. Div. 1069, app. den. 285 App. Div. 1173. See also Poster v. Municipal Housing Authority, 15 Misc 2d 373. There is no claim here, nor is there any indication that the petitioners were in any way prejudiced by the respondents’ delay in asserting the statute of limitations.” Here there is no showing of any prejudice to petitioner. Moreover, a review of the record on appeal in Samper v Kramer (supra), reveals that in that case the objection to timeliness under section 135-a of the Social Services Law was made for the first time after the proceeding had been referred to the Appellate Division pursuant to CPLR 7804 (subd [g]).
Respondents indicated at oral argument that petitioner could file a new application for assistance for the period of her pregnancy requesting retroactive application of Rankin v Lavine (supra), although it appears that such request may be barred by 18 NYCRR 352.7 (g). The motion is therefore granted dismissing the current appeal as untimely, without *1002 prejudice to whatever rights petitioner may have to file a new application.