OPINION OF THE COURT
Thomas Aloi, J.
Respondent, Commissioner Toia moves to dismiss the petition herein, as barred by section 135-a of the Social Services Law.
On September 8, 1976, petitioner filed an application for medical assistance on behalf of his then hospitalized 89-year-old father with the Onondaga County Department of Social Services. The application was denied on October 18, 1976. A fair hearing was requested on March 7, 1977, and held on May 2, 1977. Respondent’s "Decision after Fair Hearing” dated June 15, 1977, is the subject of a petition for review pursuant to CPLR article 78, not now before this court.
Respondent argues that petitioner is not entitled to judicial review of its decision, since the original hearing request was not made within 60 days of the agency action, pursuant to section 135-a of the Social Services Law.
In answer to the motion to dismiss, petitioner claims a right to judicial review of respondent’s decision on two grounds: (1) that since the notice of denial of assistance was defective, the request for a fair hearing was not untimely, and (2) that the Department of Social Services waived any objection to the timeliness of the request by holding a hearing and filing a decision.
Public assistance has been held a fundamental right, of which one may not be deprived without due process of law, which includes the right to a hearing and to timely and adequate notice to the recipient of agency action adverse to his interests. (Goldberg v Kelly, 397 US 254, and progeny.)
The laws of public assistance regulation and administration have justly been called "not only labyrinthine, but in some cases, almost impossible to discover.” (Withdrawal of Public Welfare: The Right to a Prior Hearing, 76 Yale LJ 1234, 1245.) At the same time, many who request or receive aid are precisely those in our society least equipped by education, language, or force of circumstance to pursue their rights through the bureaucratic maze. (See Kelly v Wyman, 294 F Supp 893, 903.) In recognition of this problem, courts have increasingly looked to the adequacy and fairness of the notice *661 rather than to its technical sufficiency: "In a very real sense, the fair hearing 'right’ entails the full panoply of procedural protections prescribed under State and Federal regulations. Generally, these procedural requirements are construed in a manner so as to insure adequate notice and fairness for the aggrieved applicant or recipient.” (Matter of Cisco v Lavine, 72 Misc 2d 1009, 1014, mod 72 Misc 2d 1087.)
Due process has been found lacking "where it is shown that the system designed to provide the opportunity for such a hearing has purposely built into it a procedure intended to deter the exercise of that right” (Burgoyne v Lukhard, 363 F Supp 831, 835). "Under such a procedure only the aggressive receive their due process right to be advised of the reasons for the proposed action. The meek and submissive remain in the dark and suffer their benefits to be reduced or terminated without knowing why the Department is taking that action.” (Vargas v Trainor, 508 F2d 485, p 490.)
In compliance with the constitutional requirements, both State and Federal regulations provide for a hearing to review the agency action (18 NYCRR 358; 45 CFR 205.10 [a]), and notice:
"Every applicant or recipient shall be informed in writing at the time of application and at the time of any action affecting his claim:
"[i] Of his right to a hearing, as provided in paragraph (a) (5) of this section;
"[ii] Of the method by which he may obtain a hearing;” (45 CFR 205.10 [a] [3]).
"Every applicant and recipient shall be informed in writing at the time of application and at the time of any action affecting his receipt of assistance or services: [a] Of his right to a fair hearing; [b] Of the method by which he may obtain a hearing”. (18 NYCRR 358.3.) In New York, the request for a fair hearing must be made within 60 days of the agency action complained of. (Social Services Law, § 135-a.)
Petitioner argues that the notice sent by the department of its denial of medical assistance to his father was defective in that it failed to mention the 60-day time limit for requesting a hearing. While the notice petitioner received did contain the mandatory instructions regarding the right to representation and the availability of community legal services (18 NYCRR 358.3 [c], [d]), he did not consult them because he already had *662 an attorney. Unfortunately, substantial delay resulted from the attorney’s illness and subsequent death. Petitioner argues that his request for a fair hearing made on March 7, 1977, was not barred by the statute, since the notice failed to give him adequate information of "the method by which he may obtain a hearing”. (18 NYCRR 358.3 [b].)
No New York case has been called to this court’s attention which deals with the precise point raised herein. The courts of this State have, however, established some minimal requirements of notice through interpretation of these, or similar, regulations. The failure to give notice of an adverse agency decision tolls the 60-day period (Matter of Williams v Schreck, 74 Misc 2d 818), as does a notice which is fundamentally defective, i.e., notice given orally rather than in writing (Matter of Barnes v Reed, 84 Misc 2d 124); or which fails to inform the petitioner of the right to a fair hearing (Winters v Commissioner of N. Y. State Dept. of Social Servs., 49 AD2d 843; Mosher v Kurtis, NYLJ, Sept. 25, 1969, p 17, col 7) or giving an erroneous explanation of the cancellation of benefits (Cruz v Lavine, 45 AD2d 720).
The section regulating notice to one already a recipient of aid (18 NYCRR 358.8 [a] [2]) has been interpreted to require that notice include the conditions upon which assistance will be discontinued (i.e., where the recipient requests an adjournment; Matter of Accurso v Berger, 87 Misc 2d 520).
The Federal courts have also required that notices become more informative: in Vargas v Trainor (508 F2d 485, supra), the Seventh Circuit found defective even a notice clearly stating the time limit for requesting a hearing, on the ground that the explanation of the agency’s reason - for its action was inadequate, putting the recipient under a burden of inquiry. Likewise, a notice which failed to inform a recipient of the existence of a 10-day "timely notice” period for the continuation of benefits pending the hearing, was found not to satisfy the requirement that notice be "adequate”, under 45 CFR 205.10 (a) (6) (i) (A), which is identical with the New York regulation (Turner v Walsh, 435 F Supp 707, 713).
The court takes judicial notice of the interpretation given the Federal notice regulations by the Department of Health, Education and Welfare, whose informational pamphlets Nos. (SSA) 76-10282 and 76-10075 and notices Nos. (SSA) 8455A, 8166A and 8170 specifically set forth time limits on the recipient’s right to appeal, and usually in bold type. A State administering Federal funds is required to comply with Fed *663 eral requirements (Rosado v Wyman, 397 US 397, see concurring opn by Justice Douglas, p 427; Matter of Cisco v Lavine, 72 Misc 2d 1009, 1014, supra).
The burden of providing such information is slight, indeed, the local social services agency already possesses a form including such notice, which it apparently uses indiscriminately along with the form lacking the notice. No satisfactory explanation was offered by the department for the existence of two forms, and the court does not think it unduly burdensome to require the department to follow H.E.W.’s commendable practice of using a properly informative notice, rather than one calculated to discourage recipients from exercise of their administrative remedies.
The court also notes that the department regulation governing the similar notice to providers of services speciñcally requires that the notice include mention of the 60-day period for requesting a fair hearing. (18 NYCRR 515.5 [5]; see, also, Matter of Flower City Nursing Home v Reed, 55 AD2d 826.)
There can be no justification for requiring this particular notice to organizations and hospitals which are often equipped with legal staffs, or to professionals whose livelihood requires daily familiarity with these regulations, and yet denying it to relatively unsophisticated aid recipients, or to applicants totally unfamiliar with department procedures. As was said in another instance, "The Commissioner’s interpretation of his own mandatory regulation, articulated in this case, is unacceptably at variance with its plain meaning, the Federal regulations, and fundamental notions of fair procedure in the circumstances.” (Matter of Cisco v Lavine, 72 Misc 2d 1009, 1017, supra.)
Violative of both the due process clause of the Fourteenth Amendment to the United States Constitution (see Matter of Accurso v Berger, 87 Misc 2d 520, 523, supra), and the department’s own regulations, this court finds that the defective notice tolled the 60-day statute (Matter of Angelo v Toia, 61 AD2d 1121).
It is not, therefore, necessary to deal at length with the question of waiver raised by petitioner. The issue appears, however, to have been settled (Matter of Everson v Toia, 89 Misc 2d 999, 1001; Matter of Bozeat v Berger, 87 Misc 2d 366, 368).
Petitioner’s request for a fair hearing was not untimely, and the motion to dismiss is denied.