■ In the Matter of COMMUNITY HOSPITAL AT GLEN COVE, as Attorney in Fact for CATHERINE MOLLER, Petitioner, v JOSEPH A. D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated June 9, 1978 and made after a statutory fair hearing, which affirmed determinations of the local agency denying applications for medical assistance on behalf of Catherine Moller (now deceased). Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to respondents for a re-evaluation of the decedent's eligibility for medical assistance. Decedent Catherine Moller was admitted to the Community Hospital at Glen Cove (petitioner) on December 15, 1976 suffering from a myocardial infarction and remained there until her discharge on January 18, 1977. Decedent's daughter, also named Catherine Moller (Moller), signed an agreement guaranteeing payment of hospital bills for services rendered to decedent and not covered by insurance. During her stay at the hospital, decedent applied to the local social services agency for medical assistance. The agency responded by letter dated January 20, 1977 requesting submission of various documents, including birth or baptismal certificates for each family member, mortgage statements and utility bills, to aid in its eligibility determination. The deadline for submission of the materials was set at February 8, 1977. Decedent died on February 13, 1977 and the agency denied the application by letter dated February 23, 1977 because of the failure to submit the requested documents by the specified date. No request for a fair hearing was made following the denial of assistance. On April 29, 1977 Moller, as administratrix of decedent's estate, filed a second application for medical assistance to defray the cost of decedent's hospital stay. By letter bearing the same date, the agency requested that various documents, including birth or baptismal certificates for each family member, death certificates and checking account statements, be submitted by May 13, 1977 to aid in determining eligibility. The application was denied in a letter dated May 27, 1977 for failure to submit the required documentation. Additionally, the claim for services rendered in December, 1976 was denied as ineligible for Medicaid coverage because it was incurred more than three months prior to the month of the second application. A fair hearing was held to review the determinations of the local agency denying medical assistance on decedent's behalf. At the hearing, Moller was represented by the hospital as attorney in fact, acting under a power of attorney dated May 15, 1978. The sole issue contested was whether Moller had

submitted the requisite documentation to determine eligibility. At the outset, the agency's representative objected to Moller's standing to request a fair hearing, and objected to a fair hearing on the February denial on the ground that the request was made after the expiration of the 60-day limitation period contained in former section 135-a of the Social Services Law (now Social Services Law, § 22, subd 4). The first objection was withdrawn after the disclosure that Moller had been appointed administratrix of decedent's estate. The hospital's evidence revealed that Moller had produced all of the documents requested by the agency except for baptismal certificates and that she had requested additional time to obtain these documents. Moller futher testified that the agency had told her that the materials she did submit had been lost, although it later returned them subsequent to the denial of the claim. The hospital also produced evidence in the form of a business record kept by its counsel which demonstrated that a secretary to the counsel had spoken to the agency's caseworker, who acknowledged receipt of various documents and stated that she would write to Moller if additional documentation was necessary. Despite the hospital's evidence, the agency failed to produce any testimony or documentation in rebuttal. Rather, the agency's fair hearing summary, which was prepared expressly for the hearing, was introduced into evidence by an agency representative who neither had first-hand knowledge of the matter contained in the summary nor had spoken to any caseworkers who did have such knowledge. This summary contained the agency's version of the facts, including a notation that no documentation whatsoever had been received from Moller. By decision dated June 9, 1978, the State commissioner affirmed the denial of assistance by the local agency on the ground that the credible evidence established that Moller had failed to submit the requisite documentation within a reasonable time after the agency's request. This proceeding ensued. Preliminarily, we note that the hospital, as attorney in fact for Moller, has standing to bring this proceeding (see *Matter of St. Francis Hosp. v D'Elia,* 71 AD2d 110, mot for lv to app granted 49 NY2d 701). Under the circumstances of this case, we conclude that the agency's denial was arbitrary and capricious and that the determination was not supported by substantial evidence. The evidence at the hearing demonstrates that Moller informed the agency that she was having difficulty in obtaining the requested baptismal certificates within the time period allotted. Ignoring the practical difficulties involved in obtaining such documents, the agency set an arbitrary period within which the certificates were to be produced, with denial of the claim as the penalty for noncompliance. By failing to make allowances for the circumstances surrounding the delay, the agency acted arbitrarily and capriciously in denying the claim. Furthermore, the State commissioner's determination is supported only by the agency's fair hearing summary report which was rank hearsay. While hearsay evidence is admissible in administrative proceedings (see State Administrative Procedure Act, § 306, subd 1; *Matter of Hagood v Berger,* 42 NY2d 901; *Matter of Carroll v Knickerbocker Ice Co.,* 218 NY 435), there must be a residuum of legal evidence lest the determination lack substantial evidence in its support (see *Matter of Tufariello v Barry,* 60 AD2d 813; *Matter of Ayala v Toia,* 59 AD2d 739; *Matter of Roach v Toia,* 58 AD2d 652; *Matter of Del Valle v Sugarman,* 44 AD2d 523). Moller's testimony revealed she had submitted all of the requested documentation prior to the agency's deadline, with the exception of the baptismal certificates, and that she relied on the caseworker's assurances that the agency would write to her should further documentation be required. In light of this testimony, it was incumbent upon the agency to produce a caseworker who had first-hand knowledge of the matter rather than relying solely upon the hearsay report.

Finally, the denial of payment for expenses incurred during December, 1976, on the basis of the three-month limitation period, was improper. The decedent's application for medical reimbursement was timely submitted. Its denial came after decedent's death in February, 1977. Accordingly, under the agency's own interpretation of its regulations, there was no "applicant for or recipient of" assistance who had standing to request a statutory hearing to challenge the denial prior to the appointment of Moller as administratrix of decedent's estate which apparently occurred sometime in March, 1977. Furthermore, the agency's regulations require that every applicant and recipient be informed of his right to a fair hearing and the method by which a fair hearing may be obtained (18 NYCRR 358.4 [a] [1] [2]), and that the emphasis "must be on helping the appellant to submit and process his request" (18 NYCRR 358.5 [b]). Although the instant fair hearing notifications informed the "appellant" of the right to a fair hearing, the instructions as to the method for obtaining the hearing contained no notice that the request must be made within 60 days of the action complained of. Accordingly, the 60-day limitation period must be deemed tolled by this defect (see Matter of Laneve v Toia 95 Misc 2d 659). The requirement that the requested documents be submitted within two weeks, given the nature of decedent's illness, rendered the initial denial arbitrary and capricious. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.