■ In the Matter of FRANK SPANO, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated October 19, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency denying petitioner's application for medical assistance on the ground that he failed to submit requested documentation in a timely fashion. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the respondents for a determination of petitioner's application for medical assistance on the merits. The evidence before the State commis-

---

sioner showed that the local agency had requested several documents relative to petitioner's application for medical assistance. The date of this request was March 22, 1979, and April 5, 1979 was the deadline set for compliance. One of the documents requested was a status report from petitioner's insurance company concerning his claim for loss due to a fire at his home on March 21, 1979, the same day that his wife was rushed to the hospital with viral pneumonia. Concededly, the local agency granted petitioner additional time beyond April 5, 1979, and even beyond May 25, 1979, to secure certain requested documents, and specifically the fire insurance status report. No evidence was offered by the local agency, however, to prove that, in extending petitioner's time to submit the fire insurance information, it had also informed petitioner of, or established, a new deadline for its submission. Nevertheless, the State commissioner determined, in effect, that petitioner's submission of the requested fire insurance information on August 9, 1979 was untimely. This determination was not supported by substantial evidence. (Cf. *Matter of Community Hosp. at Glen Cove v D'Elia,* 79 AD2d 1025; *Matter of St. Francis Hosp. v D'Elia,* 71 AD2d 110, mot for lv to app granted 49 NY2d 701.) Accordingly, the affirmance of the local agency's denial of petitioner's application for medical assistance must be annulled. Titone, J.P., Lazer, Mangano and Cohalan, JJ., concur.